✓ FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 28 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

RENEAU' LANDERS
553 W 9TH ST 2
MESAAZ 85201
(480) 735-9705

# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

RENEAU' LANDERS,

Plaintiff,

v.

Jennifer Young;
Jewish Family & Children's Services,

Defendant(s).

CASE NUMBER: CV-18-04941-PHX-JJT

**COMPLAINT**

## Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331. This employment discrimination lawsuit is based on.

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 'a7'a7 2000e, et. seq., for employment discrimination on the basis of race, color, religion, gender, or national origin.

2. Other: Unjust termination without cause Loss of wages

The plaintiff is a resident of Mesa, Maricopa County, AZ and a citizen of the United States. The defendant is a resident of Phoenix, AZ and a citizen of the United States. The defendant is a resident of Phoenix, AZ and a citizen of the United States. The cause of action arose in the Phoenix division.

## Employment Discrimination Complaint

The conduct complained of in this lawsuit involved the following:

Termination of my employment; Failure to accommodate my disability

The conduct(s) above is referred to in the charge of discrimination. I believe I was discriminated against because of my:

Disability

The reason(s) above is referred to in the charge of discrimination. The discriminatory conduct occurred at: 1255 W Baseline Rd Ste B258, Mesa , AZ 85210 on or about 4/9/18 . On 2/27/17 I was hired by JFCS as a

Youth Development Coordinator for their Real-World Job Development program which is contracted with the City of Phoenix Workforce Innovation & Opportunity Act (WIOA) federal and state funded program. On 6/6/17 I received an email from the HR department advising of their commitment to help me succeed in my current position, I believed the gesture was an invitation to an open-door dialogue. On 6/21/17 I followed back up with the HR representative to gather an understanding of the internal transfer process which she replied promptly with the request information. On 7/26/17 I applied for an internal High Needs Case Manager position at the Mesa clinic and was advised of my lack of tenure. Approximately, October 4, 2017 I made a call to HR regarding my concerns of communication issues between staff in my department, which Ms. Tate followed up with an email to the department Director. On 10/6/17 I applied for an external and internally advertised SMI Case Manager position closer to my home. I was contacted by the department clinical manager Jennifer Young on 10/12/17 to set up an interview. After interviewing I was informed there was other applicants and I would be notified if I was selected for the position. On 10/20/17 I was offered the SMI Case Manager with a start date of 11/6/17. I was notified on 11/3/17 that my start date was changed to 12/1/17. Thus, providing my current supervisor at the time ample time to discipline me if my work ethnic and work performance was under standards preventing my promotion. On 2/5/18 during my supervisor's observation of me completing a comprehensive assessment, individualized service plan, consents and releases with a client, client's grandmother and family friend, I was unaware she picked up the notes I was writing to complete the task. When I noticed the papers were missing I asked if she seen them, to which she proceeded to aggressively hand them to me at which time, the papers grazed me across the right side of my face. I was immediately uncomfortable and had to regather my composure to further complete assisting the client. On 2/6/18 I sent an email to my supervisor requesting if she had noticed some papers that were missing from my desk. She responded she had picked the up on her way out and forgot to return in the morning. Shortly after as I am talking to my team member Taryn Toomey, my supervisor came into the room and abruptly flew papers in my face which slapped me and turned and left the room. The papers hit my upper right cheek and a day later a paper cut came forth. Due to my level of uncomfortably I did not approach or confront my supervisor regarding these incidents and continued to complete the work day. Upon returning home, I experienced nightmares, night terrors and continuously panic attacks. The following day I reached out to my therapist to discuss treatment options to manage my symptoms of PTSD. After my session with my therapist she recommended I seek medication via my primary care physician in conjunction with my individual therapy to reduce my symptoms. I was seen by my primary care doctor as well. I used my personal time off from 2/7 to 2/9/18 and returned to work with a doctor's excuse. On 2/13/18 at 10 am during our weekly clinical supervision my supervisor informed me I was "acting like a child and she was done with me." I inquired on what she meant and stated, "we needed to work together" to that she responded, "I'm done", I believed

that to be the end of our discussion and left her office. Later I emailed HR staff to report my supervisor Jennifer Young had flung papers in my face resulting in a paper cut to my face. I was told Torrie Tate would be reaching out to me shortly to resolve the issue. A meeting was initially scheduled for 2/14/18 at 12 pm which at the time of said meeting I was unable to reach Ms. Tate by phone or email. Ms. Tate returned my call on 2/15/18 at 4 pm at which time we discussed my supervisor on two separate days and occasions throwing papers in my face, Ms. Tate stated she "did not find me at fault" and she would schedule a meeting with the clinic Director and my immediate supervisor to develop a mutual level of respect , she instructed me to be prepared to provide resolutions and she would follow up with me the following Wednesday 2/21/18. On 2/21/18 I was not followed back up by HR nor was I contacted regarding the investigation that was conducted. After my discussion with HR I was emailed by the clinic Director and was requested to attend a meeting scheduled 2/16/18 at 4pm with my immediate supervisor as well. Said meeting was canceled and rescheduled for 2/21/18 but due to the Director's other duties the meeting was rescheduled for 2/23/18. When the meeting occurred, I was bombarded with criticism and the claims of my physical assault was negated. My supervisor claimed she "does not recall any hostility in our interactions" and "found the claims serious" after I was asked to expound on my complaints to HR, I declined. I stated I would discuss my concerns with Ms. Tate only since I felt unsafe discussing with Mr. Ouimette and Ms. Young. After sharing that I felt unsafe in meetings alone and would like to request other staff be present in meeting to avoid future conflicts, my request was denied, I was given an EAP flyer by Mr. Ouimette and told to follow up with HR if I did not agree with his decision to not accommodate my request. On March 6, 2018 I experienced a panic attack during my break. I was unable to manage my symptoms and was unable to complete my work day. I immediately texted my supervisor and Mr. Ouimette to inform them of my condition and inability to complete the work day. I called my therapist and scheduled an appointment for the same day. After our session she placed on leave and I returned the paperwork to HR on 3/13/18. I was not expected nor required to call in after discussing my FMLA request with HR, I was instructed to inform them if my return date changed. On April 9th, my supervisor cancelled our morning meetings around noon I was instructed to meet with her in Mr. Ouimette's office. I was presented with a performance improvement plan. We discussed how my 32-hour work week would be arranged and agreed I would not work on Fridays. We agreed to 8-5pm Monday-Thursday schedule with an hour lunch. My therapist's request for short breaks was not addressed. I was also informed of Jennifer's lack of availability and recent promotion to Director of SMI Services and was instructed Mr. Ouimette was no longer her immediate supervisor. After completing my first week, I attended a session with my therapist and expressed my concerns that the modified work schedule was not easing my condition nor symptoms. My therapist suggested I reach out to HR to discuss additional accommodations. I called Karyn Goldberg and requested information on additional accommodations and was told there was nothing the

company can do, there are no part-time positions available and I should seek employment elsewhere. The entire time I was placed on modified work schedule of 32 hours my supervisor did not allow me to take my short breaks as requested by my therapist. I worked 65.75 hours the first pay period and 67.25 hours the second pay period. Under the FMLA guidelines, an employee is entitled to a maximum of 12 weeks of leave within 12-month period. I used 4 weeks and 3 days from 3/6-4/6/18 and a total of 4 days from 4/9-5/1/18, the total time of FMLA leave I exhausted was 5 weeks. JFCS claim that I exhausted my FMLA leave is false. The letter I received from them stating I resigned is a violation of my right to exhaust the 12 weeks they originally approved.

## Demand

I would like to return to my position as case manager at Jewish Family & Children's Service. I would like to be remedied of loss of wages and compensation for emotional distress. **I am also seeking the following amount in monetary compensation: $116,000.**

## Administrative Procedure

I have filed a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency on 06/19/2018. I have received a Notice of Right to Sue Letter.

Date: 12/28/18

RENEAU' LANDERS
553 W 9TH ST 2
MESA, AZ 85201
(480) 735-9705

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Phoenix Status Line: (602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Reneau M. Landers
553 W 9th St., #2
Mesa, AZ 85201

Subject: Dismissal of Charge
Charge Number: 540-2018-02070

Dear Mr. Landers:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination. After reviewing the information in the file including the information you submitted, the EEOC does not believe that additional investigation would result in our finding a violation.

The EEOC has terminated its investigation into your allegations. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretation of the available evidence and the laws we enforce. This letter, and the enclosed documents, will dismiss your case and no further action will be taken by the EEOC.

Enclosed is your Dismissal and Notice of Right to Sue. The Dismissal and Notice will explain your right to pursue the matter in court. If you want to pursue your charge, you may do so on your own by filing in Federal District Court within *90-days from the date that delivery of the Notice was attempted at your last known address of record or 90 days of receipt of the Notice, whichever is earlier. If you do not file a lawsuit within the required 90-day period, your right to file a lawsuit in this matter will expire and cannot be restored by EEOC.*

If you have any questions, please feel free to contact me at (602) 640-5031.

Sincerely,

for

SEP 27 2018

Date

Anick Flores
Supervisor

Cc:

EEOC Form 161 (11/16) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Reneau M. Landers
553 W 9th St., #2
Mesa, AZ 85201

From: Phoenix District Office
3300 North Central Ave
Suite 690
Phoenix, AZ 85012

[ ] On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2018-02070 | Anick Flores, Supervisor | (602) 640-5031 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Elizabeth Cadle,
District Director

SEP 27 2018
*(Date Mailed)*

Enclosures(s)

cc: Torrie Tate
Human Resources Director
Jewish Family & Children's Service
4747 N. 7th St, Suite 100
Phoenix, AZ 85014

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC 540-2018-02070

Arizona Attorney General's Office, Civil Rights Division and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Reneau M Landers | (480) 735-9705 | |

Street Address: 553 w 9th st, #2, MESA, AZ 85201

City, State and ZIP Code:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| JEWISH FAMILY AND CHILDREN'S SERVICES | | (480) 820-0825 |

Street Address: 1255 W. Baseline Rd., Suite B 258, MESA, AZ 85210

City, State and ZIP Code:

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address:

City, State and ZIP Code:

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 12-01-2017 | 05-18-2018 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am an African-American female. I have a medical condition of which my employer was aware.

I was employed with the above named employer from February 28, 2017 until May 18, 2018. My last position was as a case manager.

I was subjected to harassment from my immediate supervisor Jennifer Young based upon my race. Ms. Young on three separate occasions threw papers at me which resulted in paper cuts to my face and on one occasion she slapped me. My supervisor also belittled me in front of my peers. I complained about Ms. Young and my employer failed to take appropriate action against Ms. Young.

Following my return from a medical leave of absence unrelated to my medical condition. I was subjected to a write up from Ms. Young on about April 9, 2018. In addition, I requested a reasonable accommodation and was informed that there were no accommodations available and that a position outside of the company maybe best. I submitted medical documentation related to my disability to extend my FMLA leave within the timeframe requested and was informed I had resigned my position for not

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Reneau Landers on 06-19-2018 05:23 PM EDT

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>540-2018-02070 |
|---|---|---|

**Arizona Attorney General's Office, Civil Rights Division** and EEOC

*State or local Agency, if any*

returning to work from my original FMLA terms.

I believe I was discriminated against due to my race in violation of Title VII of the Civil Rights Act of 1964, as amended and my disability in violation of the Americans with Disabilities Act of 1990, as amended. I was retaliated against for complaining about protected activity under the Acts.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Reneau Landers on 06-19-2018 05:23 PM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |