**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reneau Landers,<br><br>    Plaintiff,<br><br>v.<br><br>Jennifer Young, *et al.*,<br><br>    Defendants. | No. CV-18-04941-PHX-JJT<br><br>**ORDER** |

At issue is Defendants' Motion for a More Definite Statement (Doc. 14, Mot.). On December 28, 2018, after receiving a Notice of Right to Sue from the United States Equal Employment Opportunity Commission ("EEOC"), pro se Plaintiff Reneau Landers filed a Complaint (Doc. 1, Compl.) alleging that Defendants Jennifer Young and Jewish Family and Children's Services engaged in unlawful discrimination against her. Defendants now move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Defendants argue that Plaintiff's Complaint is confusing and therefore prejudicial because it "does not specify which Defendant is being pursued as to any particular legal claim and does not permit either Defendant to adequately respond." (Mot. at 1.) The Court agrees that, as written, Plaintiff's Complaint does not allege violations of federal law with the specificity required to fairly put Defendants on notice of the alleged violations.

A plaintiff may not collectively accuse multiple defendants of committing misdeeds through a failure to attribute any specific act to a specific defendant. Such group pleading

fails to comply with Federal Rule of Civil Procedure 8(a)(2) because it does not give fair notice of the claims against each defendant with the requisite specificity. *Riehle v. Bank of America, N. A.*, No. CV-12-00251-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013).

Further, the Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). And Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Currently, Plaintiff's Complaint does not satisfy these threshold requirements because her Complaint is not clear about which federal laws she believes Defendants have violated, nor which specific Defendant committed each alleged violation. Her Complaint alleges a violation of Title VII of the Civil Rights Act but fails to allege any incidences of discrimination motivated by race, religion, gender, or national origin. *See* 42 U.S.C. § 2000e-2. In fact, the body of Plaintiff's Complaint alleges only that she "was discriminated against because of my: Disability." (Compl. at 1.) However, Plaintiff never identifies which law Defendants allegedly violated in failing to grant accommodations for her PTSD. Presumably, Plaintiff might seek relief under the Americans with Disabilities Act, which she mentioned in the Charge of Discrimination that she filed with the EEOC, but her Complaint contains no such allegation.

In response to Defendants' Motion for a More Definite Statement, Plaintiff is entitled to amend her Complaint within the time set by the Court, but any Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure and the Local Rules, as indicated above. The Court will require Plaintiff to file any Amended Complaint no later

than March 15, 2019. If Plaintiff fails to do so, pursuant to Rule 12(e), the Court will dismiss this action.

**IT IS THEREFORE ORDERED** granting Defendants' Motion for a More Definite Statement (Doc. 14).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint in compliance with the Federal Rules of Civil Procedure and this Order by March 15, 2019.

**IT IS FURTHER ORDERED** directing the Clerk of Court to dismiss this action, without further Order of the Court, if Plaintiff fails to file an Amended Complaint by March 15, 2019.

Dated this 22nd day of February, 2019.

Honorable John J. Tuchi
United States District Judge